UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 22-12146-NMG |
| | ) |
| JOHN DOE, subscriber assigned | ) |
| IP address 146.115.169, | ) |
| | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION ON
# DEFENDANT'S MOTION TO DISMISS

August 29, 2023

DEIN, U.S.M.J.

## I. INTRODUCTION

As alleged in the Complaint (Docket No. 1) ("Compl."), Strike 3 Holdings, LLC ("Strike 3") is the owner of a number of adult motion pictures which are registered with the United States Copyright Office. (Compl. ¶¶ 2, 42, 45 & Exhibit A). Strike 3 alleges that the defendant, whose identity is presently unknown to Strike 3 beyond an IP address, infringed on Strike 3's copyrights by downloading and distributing 46 of Strike 3's motion pictures without consent. (Compl. ¶¶ 4, 42-43). In order to identify the defendant and serve the Complaint, Strike 3 brought a "Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference" (Docket No. 6) ("Service Motion"). The Service Motion was allowed by the court (the "Service Order"), and Strike 3 was permitted to serve the subpoena, along with the Service Order, on the internet service provider ("ISP"), in this case RCN, to obtain the name and address of the

defendant/internet subscriber.[1]  (Docket No. 9).  Pursuant to the subpoena and the Service Order, the internet subscriber was given 30 days from the date of service to contest the subpoena, during which time no information was to be provided to Strike 3.  (Docket No. 9 at 4, ¶ 4).  Moreover, pursuant to a Protective Order issued by the court, which was also served along with the subpoena, the internet subscriber/defendant was authorized to proceed under the pseudonym "John Doe."  (Docket No. 9-1 at ¶ 1).

This matter is presently before the court on the defendant John Doe's *pro se* objection to the release of identifying information (Docket No. 11) ("Objection"), which has been referred to this session for a Report and Recommendation pursuant to Fed. R. Civ. P. 72(b).  (Docket No. 18).[2]  Strike 3 has filed a response in opposition to the Objection.  (Docket No. 12) ("Response").  For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Objection be overruled, that the motion to quash/dismiss the action be denied, that RCN be ordered to respond to the subpoena by disclosing the

---

[1] For convenience, the "internet subscriber" and "defendant" will be used interchangeably at this stage.  The court recognizes that the internet subscriber and defendant may prove not to be the same person.  Nevertheless, allowing Strike 3 to continue to obtain the identifying information is appropriate.  "Although the subscriber may not have been the actual infringer, at this stage Strike 3 need only demonstrate that learning the subscriber's identity may help it identify the infringer."  Strike 3 Holdings, LLC v. Doe, Civil Action No. 20-03040 (RC/RMM), 2021 WL 3021459, at *3 (D.D.C. July 16, 2021).

[2] In the Objection the defendant has requested that the court "squash/dismiss this case." (Objection at 2).  While Strike 3 has referred to the Objection as a non-dispositive motion to quash the subpoena pursuant to Fed. R. Civ. P. 45, the matter was referred to this session for a Report and Recommendation on a dispositive motion to dismiss.  The issues raised are the same under either a motion to quash or to dismiss.  The court will issue a Report and Recommendation in accordance with the order of referral.

[2]

identifying information to Strike 3 in accordance with ¶ 6 of the Service Order, and that Strike 3 be ordered to so notify RCN.

## II. STATEMENT OF FACTS

As detailed above, the court previously authorized Strike 3 to issue a subpoena, along with a copy of the Service Order and Protective Order, to RCN in order to obtain the identifying information for the IP address allegedly used to download Strike 3's copyrighted films. The internet subscriber was given 30 days in which to object to the release of the information. The Objection filed by the *pro se* defendant provides in full as grounds for dismissal as follows:

> I'm objecting to the release of the IP address 146.115.169.52 identity.
>
> This would place undue burden on John doe [sic] the subscriber assigned to this IP address.
>
> John Doe is [an] 81-year-old elderly women [sic] who would not know how to download and distribute movies.
>
> The whereabouts during the accused download time is also unknown due to the quantity of time she spent last year between hospital, rehab and staying with relatives to help with her care.
>
> Please squash/dismiss [sic] this case.

(Objection at 2).

In its Response, Strike 3 argues that the defendant's general denial of liability is not grounds to quash the subpoena, and that the defendant has failed to establish undue burden.

[3]

(Response at 1, 3).  These arguments are persuasive, and this court recommends that the Objection be overruled and the request to quash/dismiss the action be denied.

### III. ANALYSIS

#### A. Standard of Review

In allowing Strike 3's Service Motion, this court ruled that the Complaint states a basis for Strike 3 to obtain the identifying information for the IP address at issue.  (Docket No. 9).  Nothing in the Objection challenges the merits of this ruling.  Nor does the defendant allege that the Complaint otherwise fails to state a claim of copyright infringement.  The issue raised by the Objection is whether the denial of liability is a sufficient basis to either dismiss the complaint pursuant to Fed. R. Civ P. 12(b) for failure to state a claim, or to quash the subpoena pursuant to Fed. R. Civ. P. 45(d) because it subjects the defendant to undue burden (see Fed. R. Civ. P. 45(d)(3)(A)(iv)).  In either case, the court is "required to interpret the *pro se* [objection] liberally[.]"  Sause v. Bauer, 138 S. Ct. 2561, 2563, 201 L. Ed. 2d 982 (2018).  John Doe bears the burden of proof in connection with the challenge to the subpoena.  See Green v. Cosby, 152 F. Supp. 3d 31, 36-37 (D. Mass. 2015) and cases cited, adopted as modified 160 F. Supp. 3d 431 (2016).

"When determining whether a subpoena duces tecum results in an undue burden on a party such facts as 'the relevance of the documents sought, the necessity of the documents sought, the breadth of the request . . . expense and inconvenience' can be considered."  In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig., MDL No. 13-2419-FDS, 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013) (quoting Behrend v. Comcast Corp., 248 F.R.D. 84, 86 (D. Mass. 2008) (additional citation omitted)).  Moreover, the party challenging the subpoena

[4]

"cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance."  Id. (quoting Sterling Merch., Inc. v. Nestle, S.A., No. 06-1015(SEC), 2008 WL 1767092, at *2 (D.P.R. Apr. 15, 2008) (additional citation omitted)).  Applying these principles compels the conclusion that the Objection should be overruled and that the request to quash or dismiss be denied.

### B. Denial of Liability

The crux of defendant's Objection is the contention that the internet subscriber is an 81-year-old ailing woman and that she would not even know how to download the movies at issue.  Courts have repeatedly rejected the argument that an averment of innocence is a sufficient basis to quash a subpoena to obtain identifying information.  See Strike 3 Holdings, LLC v. Doe, No. 3:21-cv-106-VLB, 2021 WL 5638442, at *3 (D. Conn. Dec. 1, 2021) ("Defendant's averments of innocence is not a basis for quashing the subpoena") (and cases cited).  Where, as here, the court has already determined that there was a sufficient basis for the issuance of the subpoena, "Defendant's purported innocence at this stage of the litigation has no bearing on whether to quash the subpoena[.]"  Id.  As the Connecticut court explained:

> Defendant will have ample opportunity to assert her innocence and point to Plaintiff's lack of evidence to support its claim.  However, at this stage it would be substantially unfair to allow Defendant's self-serving claims of innocence to effectively terminate this litigation where Plaintiff sufficiently claims a violation of its copyright.  Such result would set a dangerous standard that would effectively allow any anonymous online user to violate copyright laws with impunity.

Id. (record citation omitted).  See also Voltage Pictures, LLC v. Does 1-5,000, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of liability, however, is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying

information. That would deny the plaintiff access to the information critical to bringing these individuals properly into the lawsuits to address the merits of both the plaintiff's claim and their defenses.") As many other courts have found, despite the fact that Defendant's averments of innocence "may be persuasive defenses to Plaintiff's allegations[,]" "Defendant's general denial of liability is not a proper basis for quashing a subpoena." Strike 3 Holdings, LLC v. Doe, 337 F. Supp. 3d 246, 255 (W.D.N.Y. 2018) and cases cited. There is no reason to reach a different conclusion in the instant case.

### C. Undue Burden

The defendant has asserted, without any factual support, that compliance with the subpoena would be an undue burden. This argument has also been raised and rejected in numerous other cases seeking the identifying information needed to name unknown defendants. The same result is warranted here.

As an initial matter, it is significant that RCN, which is the entity which must comply with the subpoena, has not claimed that doing so would be unduly burdensome. Other courts have recognized in cases such as this that "the burden to RCN is minimal, as Plaintiff requests only that they produce the true name and address of the person associated with the IP address." Strike 3 Holdings, LLC v. Doe, No. 1:23-cv-187, 2023 WL 2455680, at *6 (D.D.C. Mar. 10, 2023) (and cases cited). The subpoena here poses no burden on John Doe, and certainly not an undue burden. See Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp. 2d 444, 450 (D. Mass. 2011) (subpoenas directed to ISP to identify potential infringers did not impose an undue burden on subscribers in a copyright infringement case). In fact, many courts have held that "John Doe Defendants generally have no standing to move to quash [a]

subpoena that is issued to a third party, such as an ISP, on the basis of undue burden." Strike 3 Holdings, LLC v. Doe, No. 17-cv-9659 (VEC), 2018 WL 2371730, *2 (S.D.N.Y. May 23, 2018) (citation omitted).

Reading the *pro se* Objection liberally, as this court must, the court assumes that the defendant may be seeking "to protect a personal privilege or right" by challenging the subpoena to RCN. See Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004) ("a party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right."). Here, however, since the defendant is authorized to proceed anonymously, and the subpoena seeks only limited information, this argument must also fail. Strike 3 Holdings, LLC v. Doe, 2018 WL 2371730, at *2 ("because the subpoena seeks only Defendant's name and address, Defendant cannot raise a plausible claim of privilege or right that the subpoena would impair.") Any privacy interest or other privilege the defendant may have has been duly protected through the use of a pseudonym. See Strike 3 Holdings, LLC v. Doe, 2021 WL 5638442, at *5 ("The Court finds that Defendant's interest in anonymity outweighs the countervailing public interests in full disclosure at this stage in the litigation."

### IV. CONCLUSION

For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Objection (Docket No. 11), be overruled, that the motion to quash/dismiss the action be denied, that RCN be ordered to respond to the subpoena by

[7]

disclosing the identifying information to Strike 3 in accordance with ¶ 6 of the Service Order, and that Strike 3 be ordered to so notify RCN.[3]

                                          / s / Judith Gail Dein
                                          Judith Gail Dein
                                          United States Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days after being served with this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).